# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-301V
UNPUBLISHED

| | |
|---|---|
| JAMIE LYNN MONTOYA COOK, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 27, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Show cause; failure to prosecute; influenza (flu) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 7, 2021, Jamie Montoya Cook filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration from an influenza vaccine she received on October 5, 2020. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

## Relevant Procedural History

Petitioner alleged that she suffered a shoulder injury from a flu vaccination but did not provide any medical history for treatment of the injury. ECF No. 1. Petitioner did not submit any statutorily required supporting documentation with the petition. On January 12, 2021, the PAR Initial Order issued requiring Petitioner to file these outstanding documents. ECF No. 5. No supporting documentation has been filed.

On May 20, 2022, Petitioner's counsel filed a motion to set a status conference to discuss the case. Counsel advised that she "has been unable to elicit any form of communication from petitioner, since approximately April 5, 2021," despite repeated

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

voicemails, emails, and a certified letter. ECF No. 15. Counsel stated that "[b]ecause Ms. McCarthy has not communicated with her counsel, counsel for petitioner has been unable to attain the necessary information to contact medical providers and request or obtain petitioner's medical records. In the absence of such supportive medical evidence, counsel for petitioner is unable to advance petitioner's claim." *Id.* Counsel "believes she has exhausted all means of providing the Court with any further evidence." *Id.* A status conference was then set.

On July 13, 2022, a status conference was held to discuss this case. Ms. Leah Durant appeared on behalf of Petitioner, and Ms. Heather Pearlman appeared on behalf of Respondent. During the status conference, I advised Ms. Durant that I would issue a show cause order for failure to prosecute, similar to the procedures I have instituted in other cases with unresponsive petitioners.

On August 1, 2022, I issued an Order to Show Cause noting that Petitioner had not filed any supporting documentation for her vaccine claim. ECF No. 16. The Order warned that the case would be dismissed for failure to prosecute if Petitioner did not file the outstanding documents or otherwise respond to the order. Petitioner's counsel was ordered to serve the Order on Petitioner by certified mail, and the Clerk's Office separately served the Order on Petitioner.

On August 19, 2022, Petitioner's counsel filed a receipt indicating that the Order to Show Cause had been served on Petitioner. No response to the Order to Show Cause has been received from Petitioner.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs*., 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in my August 1, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the motion for a status conference, Petitioner has been out-of-touch with her

counsel since April 5, 2021. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

**Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."